**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:

Shea Alexandria Dukes,

Debtor.

C/A No. 10-06649-DD

Chapter 7

**ORDER ON OBJECTION TO CLAIM**

This matter is before the Court on an Objection to Claim of Lorick V. Fanning ("Claim Objection") filed by Shea Alexandria Dukes ("Debtor") on March 9, 2011. Mr. Fanning responded to Debtor's Claim Objection on April 13, 2011. A hearing was scheduled for May 17, 2011 but was continued for sixty days to allow Mr. Fanning to obtain counsel. A hearing was held August 16, 2011. Mr. Fanning appeared at the hearing pro se. Following the hearing, the Court took the matter under advisement. After further consideration of the issues, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

Debtor filed her chapter 7 case on September 15, 2010 and received a discharge on January 13, 2011. Debtor has no secured debt and $760,882.91 of unsecured debt, consisting primarily of possible deficiency claims arising from mortgage debts for two properties jointly owned by Debtor and Mr. Fanning, Debtor's ex-husband. Debtor's Schedules indicate that both of those properties are currently in foreclosure.

Debtor and Mr. Fanning were married on December 2, 1995. Debtor filed for divorce in late July or early August 2007, and the parties entered into a temporary consent order on December 31, 2007. On July 7, 2008, the parties' divorce was finalized.

In 2007, while they were separated, the parties sold a piece of jointly owned property for $750,000. The parties' temporary consent order provided that after payment of income taxes and

property taxes, each party would receive $50,000. The remainder of the proceeds was to go into an escrow account to be used for expenses or such other use agreed to by the parties. The parties' final divorce decree provided that the parties would file a joint tax return for 2007 but that Debtor's financial responsibility would be limited to her portion of the capital gains taxes incurred as a result of the parties' sale of the jointly owned property. Mr. Fanning was responsible under the divorce decree for his portion of the capital gains taxes, as well as any other taxes due and owing for 2007.

At some point prior to October 2008, Mr. Fanning's attorney paid the IRS a portion of the money in the escrow account. Mr. Fanning did not have the parties' 2007 tax return ready to file until October 15, 2008. After the 2007 tax return was filed, Debtor received a notice regarding unpaid capital gains taxes. She contacted the parties' accountant, who informed her that the money paid to the IRS out of the escrow account was sufficient to satisfy her portion of the capital gains taxes. Mr. Fanning's attorney told her this as well. As a result, Debtor believed she had satisfied her capital gains tax obligation under the parties' divorce decree. Mr. Fanning indicated at the hearing that to date he has not paid his share of the capital gains taxes. Both the IRS and the South Carolina Department of Revenue granted Debtor innocent spouse relief in 2009, finding that she was not responsible for any portion of unpaid capital gains tax.

Just prior to the issuance of the parties' final divorce decree, Debtor purchased a home. Debtor testified that because her name was still listed on properties jointly owned by Debtor and Mr. Fanning, Debtor could not obtain a mortgage; as a result, her parents financed the home purchase. Debtor claims to have executed a note with her parents, which provided that she would pay them $1,000 per month. No mortgage between Debtor and her parents was recorded, and the home purchase was not listed on Debtor's financial declaration filed in the divorce

proceeding. In fact, the financial disclosure reports her monthly home expense as $1,350.00 for rent. In 2010, Debtor transferred the home back to her parents. While the deed shows the consideration as $10.00, Debtor testified at the hearing that she did not receive any money from her parents in exchange for the transfer of the home.

On February 7, 2011, Mr. Fanning filed a proof of claim in Debtor's bankruptcy case, indicating the amount of his claim is $171,133.58. Mr. Fanning attached to his proof of claim a letter addressed to the Court, requesting that he receive $33,133.58, representing half of the unpaid capital gains tax, as well as a 60 percent interest in the $230,000 home purchased by Debtor just prior to the finalizing of the parties' divorce. At the hearing, Mr. Fanning made additional accusations, including that Debtor stole money from the marital estate and used it, instead of money borrowed from her parents, to purchase the home.

## **CONCLUSIONS OF LAW**

11 U.S.C. § 502(a) provides, "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." Thus, a creditor's act of filing a proof of claim is prima facie evidence of the claim's amount and validity. *In re Harford Sands, Inc.*, 372 F.3d 637, 640 (4th Cir. 2004). If the debtor objects to the creditor's claim, the debtor carries the burden of proof and must present evidence sufficient to rebut the presumption of the claim's validity. *Id.* If the debtor satisfies his burden, the burden will shift back to the creditor to prove that its claim is valid by a preponderance of the evidence. *Id.*

In the present case, because Mr. Fanning timely filed a proof of claim and documentation supporting it, his claim was presumed valid. However, Debtor objected to Mr. Fanning's claim,

and at the hearing on Debtor's Claim Objection, Debtor presented evidence sufficient to rebut the presumption of validity. Debtor testified, without objection, that she spoke with both her accountant and Mr. Fanning's attorney, and both informed her that she had satisfied her capital gains tax obligation under the parties' final divorce decree and property settlement. She also presented evidence showing that she had been granted innocent spouse relief by both the IRS and the South Carolina Department of Revenue. Debtor additionally testified regarding her means for purchasing the home. Debtor testified that she did not use any money she earned before or during her marriage toward the purchase. Instead, Debtor testified that because she could not obtain a mortgage in her name, her parents loaned Debtor the money to purchase the home. The Court finds that this evidence is adequate to call into question the validity of Mr. Fanning's proof of claim. As a result, the burden shifted to Mr. Fanning to present evidence sufficient to prove the validity of his claim.

Mr. Fanning did not satisfy his burden. Mr. Fanning presented checks written from his divorce attorney's escrow account to the IRS and the US Treasury, which he alleged showed that the payment Debtor represented was made for capital gains tax, as well as other subsequent tax payments, were actually made to pay 2006 and 2007 income taxes. However, these checks are not helpful to Mr. Fanning's position, as they are merely images of checks which have not cleared and do not bear the endorsement of the receiver or any other indication that these checks were ever sent to or received by the IRS and the US Treasury. Additionally, assuming the checks were received, the IRS may choose to allocate payments in any fashion toward amounts due and owing. Therefore, even if these payments were intended to be in payment of 2006 and 2007 income taxes, the IRS could choose to allocate the payments instead to the parties' capital gain tax obligation. No evidence was presented by either party that either party still owes the

IRS any money for capital gains taxes. Additionally, no evidence was presented as to the manner in which payments were allocated by the IRS.

Mr. Fanning presented no evidence in support of his contention that Debtor stole money from the marital estate and used those funds to purchase a home. Mr. Fanning suggested that Debtor had given her parents money from the marital estate, which was then transferred back into Debtor's account prior to the home purchase, but presented no evidence in support of this contention. In fact, Mr. Fanning did not present any evidence at all tending to show that any money had been taken from the marital estate. Mr. Fanning also contended that Debtor intentionally hid the purchase of the home from him by excluding it from the financial declaration filed in the divorce proceeding, delaying the recording of a deed, and failing to record a mortgage between Debtor and her parents. Debtor testified that the failure to list the home purchase on her financial declaration was simply an oversight which occurred because the home was purchased so near in time to the divorce being finalized.

Mr. Fanning made no contributions to the home purchased by Debtor which would justify him receiving a 60 percent interest in that property. He testified that he once cleared a path to the golf course from the back of Debtor's home upon her request. Aside from that single action, Mr. Fanning made no financial or physical contributions to the home. As a result, he is not entitled to any interest in that home, now owned by Debtor's parents.

In the parties' divorce proceeding, the Family Court made a determination regarding the final division of property between the parties. Neither of the parties appealed the Family Court's decision nor did they ask the Family Court to reconsider. Additionally, Mr. Fanning did not allege that Debtor had made any misrepresentations during the divorce proceeding and has not revisited the Family Court to make such allegations. The Court will not revisit disputes already

adjudicated in the Family Court. In light of the Family Court's final disposition of the parties' divorce proceeding, as well as the parties' failure to revisit the Family Court to address the issues presented here, Mr. Fanning should not now be allowed to raise issues regarding Debtor's alleged misrepresentations.

Because Debtor presented evidence sufficient to call into question the validity of Mr. Fanning's claim, Mr. Fanning had the burden of proving his claim was valid. Mr. Fanning did not satisfy that burden. His claim is disallowed.

## CONCLUSION

For the reasons set forth above, Mr. Fanning's claim is disallowed and Debtor's Claim Objection is sustained.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**08/22/2011**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 08/23/2011